UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Michael K. Sullivan

        v.                                    Civil No. 17-cv-444-LM

New Hampshire Department of Corrections
Commissioner William Wrenn et al.[1]


**REPORT AND RECOMMENDATION**

        Michael K. Sullivan has filed a complaint (Doc. No. 1)

pursuant to 42 U.S.C. § 1983, alleging that the defendants have

violated his constitutional rights during his incarceration at

the New Hampshire State Prison ("NHSP").  The complaint is

before the court for preliminary review, pursuant to 28 U.S.C.

§§ 1915(e)(2), 1915A(a), and LR 4.3(d)(1).


**Preliminary Review Standard**

        In determining whether a pro se pleading states a claim,

_____

        [1]Plaintiff has named the following defendants to this
action: (former) New Hampshire Department of Corrections ("DOC")
Commissioner William Wrenn, (former) New Hampshire Governor
Maggie Hassan, (former) New Hampshire Attorney General Joseph
Foster, DOC Director of Security and Training Standards
Christopher Kench, DOC Director of Investigations Colon Forbes,
(former) New Hampshire State Prison for Men ("NHSP") Warden
Richard Gerry, NHSP Director of PREA Standards Jean Carrol, NHSP
Maj. Jon Fouts, NHSP First Shift Commander John Doe, and NHSP
Corrections Officers identified as John/Jane Does #2-#11.
Plaintiff sues each defendant in his or her individual and
official capacities.

the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Background

According to the allegations in the complaint, in December 2013, Sullivan attended a holiday party at the NHSP, at which inmates and their family members were in attendance.  After the event ended, and the visitors left, the inmates were strip-searched in view of a number of corrections officers, other inmates, and a surveillance video camera.  No privacy screens were used during the strip searches.

In May and June 2017, Sullivan sent letters to the New Hampshire Department of Corrections ("DOC") Commissioner's office, New Hampshire Deputy Attorney General Ann Rice, and DOC Investigations Director Colon Forbes, inquiring about what was being done concerning the violation of his rights at the 2013 event.  Also in May and June 2017, Sullivan sent Inmate Request Slips ("IRSs") complaining about the 2013 group strip search to

2

several NHSP officials.

Sullivan asserts that the defendants, during the group strip search, violated his First Amendment right to freely exercise his religion, his Fourth Amendment right not to be subjected to unreasonable searches and seizures of his person, his Eighth Amendment rights not to be subjected to cruel and unusual punishment and to be protected from a significant risk of serious harm, and his Fourteenth Amendment rights to equal protection and due process.  Sullivan further asserts that defendants' actions violated the Prison Rape Elimination Act ("PREA") and prison policy.

## Discussion

### I.    Constitutional Claims

The statute of limitations for § 1983 claims arising out of events occurring in New Hampshire is three years.  See Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010); see also N.H. Rev. Stat. Ann. § 508:4.  Sullivan alleges that defendants violated his rights at an event held in December 2013.  The three-year limitations period for filing suit concerning that event expired in December 2016, approximately nine months before he filed this action on September 26, 2017.  Nothing in the record before the court suggests that the statute of limitations should be tolled

to allow the court to deem the complaint timely filed.
Accordingly, the district judge should dismiss the
constitutional claims in this action.

## II.  PREA Violations

Sullivan asserts that defendants have violated PREA by
their actions during and after the 2013 strip search.  PREA does
not provide Sullivan with a private right of action.  See
Saunders v. Pelkie, No. 15-CV-0225-JD, 2015 U.S. Dist. LEXIS
101067, at *2-*3, 2015 WL 4634949, at *1 (D.N.H. June 26, 2015),
R&R approved, 2015 U.S. Dist. LEXIS 102715, 2015 WL 4628734
(D.N.H. July 31, 2015).  Accordingly, the district judge should
dismiss Sullivan's claims asserting that defendants have
violated that statute.

## III. Prison Policy

Sullivan asserts that defendants violated prison policy in
committing the acts described in the complaint, the amended
complaint, and the motion for preliminary injunction.  "An
assertion that prison officials failed to follow prison rules or
policies does not set forth a constitutional claim."  McFaul v.
Valenzuela, 684 F.3d 564, 579 (5th Cir. 2012); see also Querido
v. Wall, C.A. No. 10-098 ML, 2010 U.S. Dist. LEXIS 139201, at
*14, 2010 WL 5558915, at *3 (D.R.I. Dec. 8, 2010), R&R approved,
2011 U.S. Dist. LEXIS 1882, 2011 WL 63503 (D.R.I. Jan. 7, 2011).

4

Accordingly, Sullivan cannot state a claim for relief on the basis of the defendants' violation of prison policies, and the district judge should dismiss those claims.

## Conclusion

For the foregoing reasons, the court recommends that the district judge dismiss the complaint in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).


Andrea K. Johnstone
United States Magistrate Judge


April 4, 2018

cc:  Michael K. Sullivan, pro se